By the Court. Bosworth, J.
This suit is brought to recover the value of fifty tons of iron, usually known as/‘ kentledge,” xxsed as ship ballast. The facts out of which thé contróvei'sy grew are these : The plaintiffs being the owners, entered into a contract with W. & J. T. Tapscott & Co., who comprised all the defendants, to charter a vessel to them for a voyage to Australia and back. The stipulated sum to be - paid was $10,000. The vessel was to sail on the 10th of October! There was a provision in this contract that at anytime before the Vessel actually sailed, Tapscott & Co. might become the pur *365 chasers of her at the price of $15,000, and on the payment to the plaintiffs of such disbursements as they might have made for new sheathing. A few days before the vessel sailed, they gave notice of their election to purchase the vessel at $15,000. The sale was made, but instead of the bill of sale being executed to the plaintiffs alone, some arrangement seems to have been made by which Henry A. Bailey, the then master of the vessel, became a purchaser of one-half, and a bill of sale was executed directly to him for one-half; he paid $7,500, and a bill of sale of the other one-half was executed to James T. Tapseott, one of the defendants. The question is, whether the bill of sale carried this kentledge.
The terms of the conveyance are, that Burchard does bargain and sell unto the said James T. Tapseott, one-half of the bark or vessel, together with one-half of the masts, bowsprit, sails, beats, anchors, cables, and all other necessaries thereto appertaining and belonging. The kentledge was on board of the vessel at the time the contract to charter was made, and the vessel was put in the defendants’ possession under that contract. The vessel had performed, according to the evidence, one or two voyages before the kentledge was procured.
It was urged on the part of the defendants, that-the legal effect of the bill of sale was to vest in them the title in the kentledge, and on that ground objection was made to any parole evidence being given of what was said between the parties at the time the charter-party was made, and subsequently to that, and prior to the execution of the bill of sale. Passing over that evidence, therefore, we shall consider the case upon the legal construction of the bill of sale. In the case of Baur v. Mate, reported in the 2nd of Starkie, 105, it was decided that kentledge did not pass by an instrument conveying a vessel in these terms; that it was not a necessary appurtenance; that common ballast might be used as well as kentledge; and that vessels might perform voyages, and frequently did, without anything for ballast other than the cargo. This rule we find to be also laid down by elementary, writers, and we think, therefore, that the referee correctly decided that the bill of sale did not pass title to the kentledge.
If we look outside of the bill of sale, to determine upon the *366 parole evidence whether the kentledge was in fact sold, we have no reason to be dissatisfied with the finding of the referee. Judgment affirmed, with costs.*

 Ex rel. L. Abbott, Esq.